IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00851-BNB

JOSEPH LINO MENDEZ III,

    Applicant,

v.

CHIEF ELIAS DIGGINS, and
THE ATTORNEY GENERAL FOR THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Joseph Lino Mendez III, was incarcerated at the Denver County Jail when he initiated this action on March 14, 2014, by filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging his parole hold. He since has informed the Court that he is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Denver Reception and Diagnostic Center. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On May 28, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 9) directing Respondents to file a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intended to raise either or both of those defenses in this action.

    On June 18, 2014, Respondent, Attorney General for the State of Colorado, filed

a preliminary response (ECF No. 14). Also on June 18, Respondent, Chief Elias Diggins, joined in the preliminary response filed by the Colorado attorney general. *See* ECF No. 15. Mr. Mendez has not filed a reply to the preliminary response, although he was afforded the opportunity to do so. Instead, on June 18 he filed a Prisoner Complaint (ECF No. 13) for money damages that challenged his parole hold and asserted a violation of his constitutional rights stemming from a co-inmate attack.

Mr. Mendez's civil rights claims for money damages are inappropriately asserted in a habeas corpus action. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, . . . [while] § 2254 habeas and § 2255 proceedings, . . . are used to collaterally attack the validity of a conviction and sentence."); *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to § 2241 and conditions of confinement claims raised in civil rights actions). "It is well-settled that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens [v. Six Unknown Named Agents*, 403 U.S. 388 (1971),] . . . – not through federal habeas proceedings." *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).

Mr. Mendez may pursue his habeas corpus claim in the instant action. If he intends to assert civil rights claims challenging the conditions of his confinement, he

must file a separate civil rights action pursuant to § 1983.  Therefore, the Prisoner Complaint (ECF No. 13) will be dismissed without prejudice.

The Court must construe liberally the filings of Mr. Mendez because he is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will deny the habeas corpus application, and dismiss the action.

In the habeas corpus application, Mr. Mendez alleges that he is a DOC offender who was on parole.  ECF No. 1 at 4.  On or about July 30, 2013, Mr. Mendez was arrested and held on a new crime of second-degree burglary.  ECF No. 1 at 9; *see also* ECF No. 14, ex. A (state court register in *People v. Mendez*, Denver District Court Case No. 2013CR3791) at 1-2.  On August 6, 2013, a parole complaint was filed against Mr. Mendez alleging that he had violated the terms and conditions of parole by committing the offense of second-degree burglary and by his unsuccessful termination from substance-abuse treatment at Broader Horizons in Denver, Colorado.  ECF No. 1 at 9-10.

Mr. Mendez was detained in the Denver County Jail under a cash bond and, pursuant to the direction of the DOC parole division, on a parole hold awaiting sentencing on the new criminal charge.  The parole board continued his revocation hearing several times.  Most recently, on April 11, 2014, it was continued to July 25, 2014. ECF No. 14, ex. B (parole board mittimus/finding and order of Colorado State Board of Parole) at 1.

Mr. Mendez asserts that the parole hold and the denial of requested

administrative regulations violated his constitutional and due process rights (claim one). He also asserts that his rights were violated because the parole board hearing officer refused to dismiss his appointed counsel (claim two) in violation of his right to the effective assistance of counsel, and because his parole officer refused to drop the parole hold (claim three) in violation of his rights to due process and equal protection.

Judicial review of the execution of a sentence is governed by § 2241. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). A federal court may only grant habeas corpus relief when a state prisoner is "in custody in violation of the constitution, laws, or treaties of the United States." 28 U.S.C. § 2241(c). Federal courts do not possess supervisory authority over state judicial proceedings; they may only intervene to correct violations of federal law. *See, e.g.*, *Smith v. Phillips*, 455 U.S. 209, 221 (1982). Review of habeas corpus actions under § 2241 is governed by 28 U.S.C. § 2243, which vests the Court with the authority to decide the case as a matter of law. *See* 28 U.S.C. § 2243; *Watts v. Hadden*, 489 F. Supp. 987, 989 (D. Colo. 1980), *aff'd*, 651 F.2d 1354 (10th Cir. 1981).

"A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). In *Picard v. Connor*, 404 U.S. 270, 275-76 (1971), the Supreme Court noted:

> We emphasize that the federal claim must be fairly presented to the state courts. If the exhaustion doctrine is to prevent unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution, it is not sufficient merely that the federal habeas applicant has been through the state courts. The rule would serve no purpose if it could be satisfied by raising one claim in the

> state courts and another in the federal courts. Only if the
> state courts have had the first opportunity to hear the claim
> sought to be vindicated in a federal habeas proceeding does
> it make sense to speak of the exhaustion of state remedies.
> Accordingly, we have required a state prisoner to present the
> state courts with the same claim he urges upon the federal
> courts.

*Id.* (internal citation and quotation marks omitted). "The exhaustion requirement is not one to be overlooked lightly. Principles of comity and federalism demand that the requirement be 'strictly enforced.'" *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).

Mr. Mendez is required to exhaust state remedies before he may raise his claims in federal court. *See Montez*, 208 F.3d at 866. The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). A state prisoner bringing a federal habeas corpus bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Mendez has failed to exhaust state remedies. In the 2013 criminal case, No. 2013CR3791, Mr. Mendez filed a motion for writ of habeas corpus in the Denver District Court on January 24, 2014. ECF No. 14, ex. A at 4. However, the Denver District Court

has not yet addressed the motion.  *Id.*

In Mr. Mendez's current governing sentence, *People v. Mendez*, Denver District Court Case No. 2007CR840, Mr. Mendez filed an application for writ of habeas corpus on February 10, 2014.  ECF No. 14, ex. C (state court register in No. 2007CR840) at 3.  On March 24, 2014, Denver District Court Judge Edward Bronfin denied a motion, apparently the habeas corpus application, as moot.  *Id.*  Mr. Mendez also filed a motion for writ of habeas corpus on July 11, 2007, in *Mendez v. Colo. Dept. of Corr. Div. of Adult Parole*, Denver District Court Case No. 2007CV6680.  ECF No. 14, ex. D (state court register in No. 2007CV6680 at 2.  On July 17, 2007, Judge Larry J. Naves denied the motion.  *Id.*  In 1983 and 1985, Mr. Mendez also filed ten petitions for a writ of habeas corpus in civil cases in Adams County.  ECF No. 14, ex. E (state court register list of civil and criminal case) at 3.  Mr. Mendez has not filed an appeal in any of these numerous motions for writ of habeas corpus.  ECF No. 14, ex. F (state court register appeals) at 1.  Therefore, Mr. Mendez has not adequately present his claims to the state courts, has failed to exhaust state court remedies, and therefore the instant action will be dismissed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Mendez files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 13) filed on June 18, 2014, is dismissed without prejudice as inappropriately filed in this habeas corpus action. It is

FURTHER ORDERED that the habeas corpus application (ECF No. 1) is denied and the action dismissed without prejudice for failure to exhaust state remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this   29th   day of   August  , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court